# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CINDY AKER,<br><br>            Plaintiff,<br>v.<br><br>SMART SALES & LEASE; and Does 1-10, inclusive,<br><br>            Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, CINDY AKER, by undersigned counsel, states as follows:

### INTRODUCTION

1. Cindy Aker ("Plaintiff"), individually, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Smart Sales & Lease ("Smart Sales" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief.

2. Further, Defendant engaged in the business practice of initiating and effecting electronic fund transfers from Plaintiff's bank account that were unauthorized and that these practices violated the Electronic Fund Transfer

Act, 15 U.S.C. §1693e and Regulation E, 12 C.F.R. §205 *et seq.*, promulgated by the Board of Governors of the Federal Reserve System.

3. The TCPA was designed to prevent calls and text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

5. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper in the United States District Court for the District of Nevada pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial district, the harm to Plaintiff occurred in this judicial district, and Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada because it conducts business there.

### PARTIES

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Las Vegas, County of Clark, State of Nevada. Plaintiff is, and at

all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11. Defendant Smart Sales, at all times relevant herein, conducted business in the State of Nevada and in the County of Clark, within this judicial district. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is incorporated in the State of Delaware.

## FACTUAL ALLEGATIONS

13. Plaintiff allegedly incurred a financial obligation (the "Debt") with an entity she believed was named the "Furniture Factory" on or about April 20, 2013.

14. On or about May 20, 2013 and June 20, 2013, Defendant initiated and attempted to effect unauthorized electronic fund transfers from Plaintiff's bank account.

15. In or before June 2013, Smart Lease began calling Plaintiff's cellular phone in regards to the Debt.

16. On or about June 11, 2013, Plaintiff sent a letter to Smart Sales stating that all future correspondence with her be in writing (the "Consent Revocation Letter"). At this point, Smart Sales was calling her several times a day on her cell phone.

17. Plaintiff's Consent Revocation Letter revoked any previous consent Smart Lease relied upon to collect the Debt.

18. Plaintiff's Consent Revocation Letter required that Smart Lease terminate calls to Plaintiff's cellular phone.

19. Defendant contacted Plaintiff on Plaintiff's cellular telephone number via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. §

227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

20. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. However, Smart Sales' calls and text messages via an ATDS continued even after Smart Sales received the Consent Revocation Letter.

22. Further, should any consent have ever been provided by Plaintiff, which it had not, Plaintiff revoked any such consent to contact her cellular telephone on June 11, 2013 by sending the Consent Revocation Letter.

23. All the calls from Defendant's telephone numbers (877) 700-3040 to Plaintiff's cellular telephone number ending in 8335 were unsolicited by Plaintiff and without Plaintiff's permission or consent.

24. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Plaintiff did not provide Smart Sales or its agent(s) prior express consent to receive the calls her cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

27. The telephone calls by Smart Sales, or its agent(s), violated 47 U.S.C. § 227(b)(1).

28. Throughout the months of June 2013 through July 2013 on multiple occasions, Defendant continued contacting Plaintiff on Plaintiff's cellular telephone number via an ATDS, as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Specifically, Defendant called and/or texted Plaintiff's cellular

number from June 4, 2013 through July 26, 2013 on, at least, the following times and dates:

```
8777003040 06/04/2013
8777003040 06/08/2013
8777003040 06/10/2013
8777003040 06/11/2013
8777003040 06/11/2013
8777003040 06/11/2013
8777003040 06/12/2013
8777003040 06/13/2013 (Text message)
8777003040 06/13/2013
8777003040 06/15/2013
Unknown    06/17/2013
8777003040 06/17/2013
8777003040 06/18/2013 (Text message)
8777003040 06/18/2013
8777003040 06/19/2013
8777003040 06/19/2013
8777003040 06/19/2013
8777003040 06/20/2013 (Text message)
8777003040 06/22/2013
8777003040 06/22/2013
8777003040 06/24/2013 unknown (Text message)
Private    06/25/2013
8777003040 06/29/2013
8777003040 07/06/2013
8777003040 07/08/2013
8777003040 07/09/2013
8777003040 07/10/2013
8777003040 07/11/2013
8777003040 07/15/2013
8777003040 07/15/2013
8777003040 07/16/2013
8777003040 07/16/2013
8777003040 07/17/2013
8777003040 07/18/2013
8777003040 07/20/2013
8777003040 07/22/2013
8777003040 07/24/2013
8777003040 07/24/2013
8777003040 07/26/2013
8777003040 08/01/2013 (Text message)
8777003040 08/01/2013
8777003040 08/05/2013
```

29. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. These telephone calls by Smart Sales, or its agent(s), violated 47 U.S.C. § 227(b)(1).

## First Cause of Action
## Negligent Violations Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action
## Knowing and/or Willful Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

## FOR VIOLATION OF THE ELECTRONIC FUND TRANASFERS ACT, 15 U.S.C. § 1693 ET SEQ. AND FEDERAL RESERVE REULATION E, 12 C.F.R. § 205 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant has initiated and/or attempted to effectuate electronic funds transfers of loan installments from the Plaintiff's bank account when Plaintiff had not agreed to the transfer of these funds.

41. These practices violate the Electronic Fund Transfer Act, 15 U.S.C. §1693e and Regulation E, 12 C.F.R. §205 et seq., promulgated by the Board of Governors of the Federal Reserve System.

42. Section 1693e(a) provides in relevant part: "A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer in writing, and a copy of such authorization shall be provided to the consumer when made." Plaintiff provided no such authorization to Defendant.

43. Defendant also engaged in the practice of limiting the Plaintiff's right to cancel or stop payment since Defendant did not obtain authorization from the Plaintiff to make these transfers.

8

44. Plaintiff is entitled to recover actual damages sustained as a result of Defendant's violations of EFTA, in an amount to be determined at trial, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. §1693m.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

a. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

c. Any other relief the Court may deem just and proper.

///
///

## THIRD CAUSE OF ACTION FOR VIOLATION OF
## THE EFTA, 15 U.S.C. §1693E AND REGULATION E, 12 C.F.R. §205 ET SEQ., PROMULGATED BY THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM

a. As a result of Defendant's violations of the Electronic Fund Transfer Act, 15 U.S.C. §1693e and Regulation E, 12 C.F.R. §205 et seq., promulgated by the Board of Governors of the Federal Reserve System, Plaintiff seeks $1,000 in statutory damages, for each and every violation;

b. actual damages;

c. attorney's fees; and

d. Any other relief the Court may deem just and proper.

Respectfully submitted,

                                      **Haines & Krieger, LLC**

Date: August 6, 2013                      By: */s/George Haines*
                                                   George Haines, Esq.
                                                   Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEVADA     )
                    ) ss
COUNTY OF CLARK     )

Plaintiff CINDY AKER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
CINDY AKER, Plaintiff

11