1  DARRELL D. DENNIS
   Nevada Bar No. 6618
2  JASON G. REVZIN
   Nevada Bar No. 8629
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   Telephone:   (702) 893-3383
5  Fax:   (702) 893-3789
   E-Mail: darrell.dennis@lewisbrisbois.com
6  E-Mail: jason.revzin@lewisbrisbois.com
   *Counsel for Defendant Smart Sales & Lease,*
7  *Inc.*

8                      DISTRICT COURT

9                CLARK COUNTY, NEVADA

10

11  CINDY AKER,                          | Case No. 2:13-cv-01405-GMN-VCF
                        Plaintiff,
12                                        | DEFENDANT SMART SALES & LEASE,
    v.                                    | INC.'S ANSWER TO PLAINTIFF'S
13                                        | COMPLAINT
    SMART SALES & LEASE;
14  And Does 1-10, inclusive,
                        Defendant.
15

16          COMES now, Lewis Brisbois, Bidgaard & Smith LLP, on behalf of Smart Sales &

17  Lease, Inc. ("SSL"), incorrectly named Smart Sales & Lease, makes and files this, its

18  Answer to the Complaint filed by Plaintiff Cindy Aker.  The paragraph numbers below

19  correspond to the paragraphs contained in the Complaint to the extent possible.

20                          INTRODUCTION

21          1.      SSL admits that Plaintiff brings this action for damages, injunctive relief, and

22  other available legal or equitable remedies pursuant to the Telephone Consumer

23  Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").  SSL denies the remaining allegations

24  contained in paragraph 1 of Plaintiff's Complaint.

25          2.  SSL denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-4716-7509.1

3.     The provisions of the TCPA are self-evident and speak for themselves.  To the extent SSL is required to respond, SSL denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     The provisions of the TCPA are self-evident and speak for themselves.  To the extent SSL is required to respond, SSL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore, denies same.

5.     The provisions of the TCPA are self-evident and speak for themselves.  Further, paragraph 5 contains no allegations to which SSL is required to respond.  To the extent SSL is required to respond, SSL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint, and therefore, denies same.

6.     The provisions of the TCPA are self-evident and speak for themselves.  Further, paragraph 5 contains no allegations to which SSL is required to respond.  To the extent SSL is required to respond, SSL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint, and therefore, denies same.

7.     The provisions of the TCPA are self-evident and speak for themselves.  Further, paragraph 5 contains no allegations to which SSL is required to respond.  To the extent SSL is required to respond, SSL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore, denies same.

## JURISDICTION AND VENUE

8.     SSL admits that jurisdiction is appropriate in Federal Court.

9.     SSL admits that venue is appropriate in the United States District Court of the District of Nevada.  SSL denies that Plaintiff incurred any harm as a result of the actions of SSL.  SSL is without knowledge or information sufficient to form a belief as to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-4716-7509.1                                              2

the truth of the remaining allegations contained in the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore, denies same.

PARTIES

10.     SSL admits that Plaintiff is a "person" as defined by 47 U.S.C.  § 153 (39). SSL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiff's Complaint, and therefore, denies same.

11.     SSL admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     SSL denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

FACTUAL ALLEGATIONS

13.     SSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint, and therefore, denies same.

14.     SSL denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     SSL admits that on June 4, 2013, SSL contacted Plaintiff in regard to her outstanding debt owed to SSL and by telephone on the telephone number that Plaintiff provided to SSL by and through her Application that Plaintiff signed on or about April 24, 2013.

16.     SSL admits that on June 25, 2013, it received correspondence from Plaintiff requesting further correspondence be in writing.  SSL denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     SSL denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     SSL denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-4716-7509.1                                   3

19.   SSL denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.   SSL denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.   SSL admits it contacted Plaintiff via telephone and text message regarding the debt owed by Plaintiff to SSL.  To the extent not specifically admitted, SSL denies the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.   SSL denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.   SSL denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.   SSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore, denies same.

25.   SSL denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.   SSL denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.   SSL denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.   SSL denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.   SSL denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.   SSL denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-4716-7509.1                4

## FIRST CAUSE OF ACTION

### Negligent Violations Of the
### Telephone Consumer Protection Act (TCPA)
### 47 U.S.C. 227

31.    SSL restates and incorporates its responses to paragraphs 1 - 31.

32.    SSL denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.    SSL denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.    SSL denies the damages sought in paragraph 34 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Of the
### Telephone Consumer Protection Act (TCPA)
### 47 U.S.C. 227

35.    SSL restates and incorporates its responses to paragraphs 1 - 35.

36.    SSL denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.    SSL denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.    SSL denies the damages sought in paragraph 38 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

### For Violation of the Electronic Fund Transfers [sic]
### Act, 15 U.S.C. § 1693 et seq. and Federal Reserve
### Regulation E, 12 C.F.R. § 205 et seq.

39.    SSL restates and incorporates its responses to paragraphs 1 - 39.

40.    SSL denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.    SSL denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-4716-7509.1                                     5

42. The provisions of 15 U.S.C. § 1693 *et seq.*, the Electronic Fund Transfers Act ("EFTA") are self-evident and speak themselves. SSL denies that Plaintiff provided no such authorization to SSL.

43. SSL denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. SSL denies the damages sought in paragraph 44 of Plaintiff's Complaint.

### PRAYER FOR RELIEF

45. SSL denies the relief sought by Plaintiff in the Prayer section of the Complaint, including subparts (a) through (c) under the First Cause of Action, subparts (a) through (c) under the Second Cause of Action, and subparts (a) through (d) under Third Cause of Action.

### AFFIRMATIVE DEFENSES

46. SSL at all times acted in compliance with the TCPA and the EFTA.

47. Plaintiff has failed to state a claim against SSL upon which relief can be granted.

48. SSL alleges that any alleged damages to Plaintiff, which SSL continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom SSL has no control and for whom SSL has no responsibility.

49. Plaintiff failed to mitigate her alleged damages.

50. SSL affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1693m(f) of the EFTA in bad faith or for purposes of harassment.

51. Any alleged damages to Plaintiff, which SSL continues to deny, were caused in whole or in part by an intervening or superseding cause.

52. WHEREFORE, PREMISES CONSIDERED, Defendant Smart Sales & Lease, Inc. respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Smart Sales & Lease, Inc. its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-4716-7509.1                6

1  costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for

2  such other and further relief as the court deems just.

3       DATED this 29th day of August, 2013.

                       LEWIS BRISBOIS BISGAARD & SMITH LLP

By      /S/ Jason G. Revzin

DARRELL D. DENNIS
Nevada Bar No. 6618
JASON G. REVZIN
Nevada Bar No. 8629
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone:   (702) 893-3383
Fax:   (702) 893-3789
E-Mail: darrell.dennis@lewisbrisbois.com
E-Mail: jason.revzin@lewisbrisbois.com
*Counsel for Defendant Smart Sales & Lease, Inc.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

<u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on this, the 29th day of August, 2013, I filed a copy of the

3 **DEFENDANT SMART SALES & LEASE, INC.'S ANSWER TO PLAINTIFF'S**

4 **COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send

5 notification of such filing to the following counsel, and I hereby certify that I have mailed

6 by United States Postal Service the document to the following non-CM/ECF participants:

7

8
George Haines, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue
9
Suite 130
Henderson, NV  89123
10
*Counsel for Plaintiff*

11          A copy of same has been served via U. S. certified mail, return receipt requested

12 on the following:  None.

13

14                                              By _____/s/ Carrie S. Dunham_____

15
                                                      An Employee of
                                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW